**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | |
|---|---|
| ALMONDNET, INC.,<br><br>Plaintiff,<br><br>v.<br><br>MNTN, INC.<br><br>Defendant. | Case No. 7:26-cv-00419<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**
**AGAINST MNTN, INC.**

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.*, in which Plaintiff AlmondNet, Inc. ("AlmondNet" or "Plaintiff") makes the following allegations against Defendant MNTN, Inc. ("Defendant" or "MNTN"):

**INTRODUCTION AND PARTIES**

1. This complaint arises from Defendant's unlawful infringement of the following United States patent, which generally relates to novel internet / network-based advertising systems and methods: United States Patent No. 8,959,146 (the "'146 patent" or "Asserted Patent"). AlmondNet owns the '146 patent and holds all enforcement rights.

2. AlmondNet, Inc. is a corporation organized and existing under the laws of the state of Delaware, having its place of business at 37-18 Northern Blvd. Suite 404, Long Island City, NY, 11101.

3. Founded in 1998, AlmondNet has developed an extensive suite of industry-leading targeted advertising solutions and products, is focused on R&D and the licensing of its extensive portfolio of enabling technology and intellectual property covering numerous areas of the targeting

landscape and ecosystem, including profile-based bidding, behavioral targeting, online and offline data monetization, addressable advertising, and multi-platform advertising.

4. On information and belief, Defendant is a Delaware corporation with a place of business at 823 Congress Avenue #1827, Austin Tx 78768. Defendant may be served with process through its registered agent, CT Corporation System at 1999 Bryan St., Ste. 900 Dallas, TX 75201.

## JURISDICTION AND VENUE

5. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Defendant in this action because Defendant is incorporated under the laws of the state of Delaware and has a place of business in this District at 823 Congress Avenue #1827, Austin Tx 78768. Defendant has committed acts within this District giving rise to this action, and has established minimum contacts with this forum such that the exercise of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice. Defendant has committed and continues to commit acts of infringement in this District by, among other things, using products and services that infringe the Asserted Patent.

7. Venue is proper in this District because Defendant has a regular and established place of business in this District and has committed acts of infringement within this District.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 8,959,146

8. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

9. U.S. Patent No. 8,959,146, titled “media properties selection method and system based on expected profit from profile-based ad delivery,” issued on February 17, 2015. A true and correct copy of the ’146 patent is attached as Exhibit 1.

10. On information and belief, Defendant’s Accused Instrumentalities (MNTN Performance TV and related components) directly infringe, literally and/or under the doctrine of equivalents, by performing one or more method claims of the ’146 patent.

11. Defendant, through the Accused Instrumentalities, performs all claim limitations of one or more method claims of the ’146 patent. A claim chart comparing independent method claim 1 of the ’146 patent to Defendant’s infringing activity is attached as Exhibit 2, which is hereby incorporated by reference in its entirety.

12. By using the Accused Instrumentalities in the United States, Defendant has injured Plaintiff and is liable for infringement of the ’146 patent pursuant to 35 U.S.C. § 271.

13. As a result of Defendant’s infringement of the ’146 patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Defendant’s infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

14. Plaintiff is entitled to past damages for Defendant’s direct infringement of the ’146 patent. 35 U.S.C. § 287 does not apply to this case because Plaintiff has only asserted method claims of the ’146 patent.

15. Defendant’s infringing activities have injured and will continue to injure Plaintiff, unless and until this Court enters an injunction prohibiting further infringement of the ’146 patent, and, specifically, enjoining further use that come within the scope of the patent claims.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter:

a. A judgment in favor of Plaintiff that Defendant has directly infringed the ’146 Patent, either literally and/or under the doctrine of equivalents;

b. A permanent injunction prohibiting Defendant from further acts of infringement of the Asserted Patent;

c. A judgment and order requiring Defendant to pay Plaintiff its damages, costs, expenses, and pre-judgment and post-judgment interest for Defendant’s infringement of the Asserted Patent;

d. A judgment and order requiring Defendant to provide an accounting and to pay supplemental damages to Plaintiff, including without limitation, pre-judgment and post-judgment interest;

e. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys’ fees against Defendant; and

f. Any and all other relief as the Court may deem appropriate and just under the circumstances.

**DEMAND FOR JURY TRIAL**

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, request a trial by jury of any issues so triable by right.

Dated: October 13, 2026

Respectfully submitted,

*/s/ Reza Mirzaie*

Reza Mirzaie
CA State Bar No. 246953
Marc A. Fenster
CA State Bar No. 181067
Brian D. Ledahl
CA State Bar No. 186579

Adam S. Hoffman
CA State Bar No. 218470
James A. Milkey
CA State Bar No. 281283
Philip X. Wang
CA State Bar No. 262239
Susan Y. Tull
D.C. Bar No. 992644
James Tsuei
CA State Bar No. 285530
Jonathan Ma
CA State Bar No. 312773
Daniel B. Kolko
CA State Bar No. 341680
Joshua M. Scheufler
TX State Bar No. 24123406
**RUSS AUGUST & KABAT**
12424 Wilshire Boulevard 12th Floor
Los Angeles, California 90025
Tel: 310-826-7474
Fax: 310-826-6991
rmirzaie@raklaw.com
mfenster@raklaw.com
bledahl@raklaw.com
ahoffman@raklaw.com
jmilkey@raklaw.com
pwang@raklaw.com
stull@raklaw.com
jtsuei@raklaw.com
jma@raklaw.com
dkolko@raklaw.com
jscheufler@raklaw.com

*Attorneys for Plaintiff*
*AlmondNet, Inc.*